UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANAIRA OTERO,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   No. 5:20-cv-02409<br>: |
| JIAN WANG,<br>    Defendant. | :<br>: |

**O P I N I O N**
Request for Default Judgment, ECF No. 13 – Denied without prejudice

**Joseph F. Leeson, Jr.**                                                                                  April 9, 2021
**United States District Judge**

I.   **INTRODUCTION**

The above-captioned action involves a motor vehicle collision between Plaintiff Janaira Otero and Defendant Jian Wang. Following service of process, Wang failed to respond to the Complaint or otherwise enter an appearance in this matter. Accordingly, default was entered against Wang on October 23, 2020. Otero now files the present Request for Default Judgment against Wang.

Otero's request does not contain an affidavit or other evidence that indicates Wang is a competent adult. Additionally, Otero's Certificate of Address and Service indicates that Wang was served at an address other than his own. Accordingly, this Court cannot enter default judgment against Wang at this time, and Otero's Request for Default Judgment is denied without prejudice.

II.  **BACKGROUND**

On May 22, 2020, Otero filed a civil Complaint against Wang. *See* Compl., ECF No. 1. Therein, Otero alleges that on or about June 28, 2019, Otero and Wang were involved in a motor

vehicle collision in Allentown, Pennsylvania.  *See id.* at ¶¶ 7-8.  Otero alleges that a series of negligent actions by Wang caused the collision.  *See id.* at ¶ 13.  Among others, Otero alleges that Wang operated in Otero's lane of travel, failed to maintain a proper distance between vehicles, and operated his vehicle at a dangerous or excessive rate of speed.  *See id.* at ¶¶ 13(b)-(c), (f).  Otero alleges harm as a direct result of the collision, specifying injury to the arm, shoulder, leg, and neck.  *See id.* at ¶ 14.  Additionally, Otero alleges injury to personal property, including Otero's vehicle, as a result of the accident.

On July 22, 2020, this Court notified Otero that proof of service on Wang was not yet filed.  *See* Notice 07/22/20, ECF No. 3.  Following an extension of the time to serve, Otero filed proof of service on September 24, 2020.  *See* Aff. of Serv., ECF No. 9.  In a Notice dated October 15, 2020, noting that Wang had not responded to the Complaint, this Court provided Otero ten days to request entry of default against Wang.  *See* Notice 10/15/20, ECF No. 10.  On October 23, 2020, Otero filed a request for default.  *See* Req. for Def., ECF No. 11.  That same day, the Clerk of Courts entered default against Wang.  In a Notice dated November 24, 2020, this Court provided Otero ten days to move for default judgment against Wang. *See* Notice 11/24/20, ECF No. 12.  On November 25, 2020, Otero filed the present Request for Default Judgment.  *See* Req. Def. Jud., ECF No. 13.  To date, Wang has not responded to the Complaint or otherwise entered an appearance in this matter.

### III.    LEGAL STANDARDS

#### A. Review of Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a properly served defendant when a default has been entered by the Clerk of Court.  *See* FED. R. CIV. P. 55(b)(2); *see also Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*,

922 F.2d 168, 177 n.9 (3d Cir. 1990).  To obtain a default judgment, the plaintiff must "file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit. . . ."  *See* 50 U.S.C. § 3931(b)(1).  This affidavit, required by the Servicemembers Civil Relief Act, "is a mandatory precondition to any default judgment, even if the requirements of Rule 55 for default judgment are otherwise met."  *See Coss v. Clemente*, No. 3:10-1479, 2011 U.S. Dist. LEXIS 71891, at *3-4 (M.D. Pa. June 9, 2011) (internal quotations omitted).

Additionally, a plaintiff seeking default judgment must submit "an affidavit or affirmation from the moving party or its attorney, indicating that the defendant is a competent adult . . . ."  *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (collecting cases).  "Assuming that the other requirements for entry of default judgment contained in Rule 55 have been met," an affidavit of this sort is "routinely treated as sufficient evidence for the court to enter default judgment against [a] defendant."  *See id.*

**IV.    DISCUSSION**

As a threshold matter, Otero must show proof of service of process on Wang that satisfies the requirements of Rule 4 of the Federal Rules of Civil Procedure.  Otero filed proof of service of process on September 24, 2020.  In the affidavit of service, the deponent attested that he served process on an adult female "of suitable age and discretion" who resides at Wang's usual place of abode.  *See* Aff. of Serv.  This form of service is appropriate under the Rule 4 of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 4(e)(2)(B).

Notwithstanding Otero's Certificate of Address and Service is in conflict with the affidavit of service.  Otero's Certificate of Address and Service certifies that Wang's address is in "Philadelphia, PA 19135" but indicates that Otero made service upon Wang at an address in

"Flushing, NY 11355. *See* Req. Def. Jud. 3. Based on this Certificate, it appears that Wang was served at an address other than his own. Additionally, if Wang's address is indeed in Philadelphia, Pennsylvania, then his Pennsylvania residency would defeat diversity jurisdiction.

Pursuant to the Servicemembers Civil Relief Act, Otero filed an affidavit stating that Wang is not in military service. *See* Req. Def. Jud. at Ex. D. Notwithstanding, Otero did not file any affidavit or provide any other evidence to show that Wang is a competent adult. Accordingly, without such an affidavit or other evidence, this Court cannot enter default judgment against Wang at this time. *See FirstBank Puerto Rico*, 379 F. App'x at 170.

## V.     CONCLUSION

Otero fails to provide an affidavit or other evidence to show that Wang is a competent adult against whom default judgment may be appropriately entered. In the absence of such an affidavit or other evidence, this Court cannot enter default judgment. Moreover, Otero's Certificate of Address and Service indicates that Wang was served at an address other than his own. Accordingly, Otero's motion for default judgment is denied without prejudice.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge